UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE GRACE MILES,<br><br>　　　　Debtor. | Case No:  C 10-0940 SBA<br><br>**ORDER DENYING MOTION TO FOR WITHDRAWAL OF REFERENCE** |

　　　　This matter is presently before the Court on the pro se Amended Motion to Withdraw the Reference filed by Debtor, Grace Miles ("Miles") on February 11, 2010. (Docket 1-1).  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion as untimely.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

I.　　**BACKGROUND**

　　　　On February 20, 2009, Miles filed a voluntary petition under Chapter 7 in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Proceeding").[1]  In re Grace Miles, No. 09-30419 TEC (Bankr. N.D. Cal. February 20, 2009).  Almost a year after commencing the Bankruptcy Proceeding, Miles filed the instant motion to withdraw the case from the bankruptcy court to have the matter transferred to this

---

[1] "A Chapter 7 bankruptcy discharge releases the debtor from personal liability for her pre-bankruptcy debts."  In re Ybarra, 424 F.3d 1018, 1022 (9th Cir. 2005).

Court.  She presents three grounds for the proposed withdrawal of reference:  (1) the bankruptcy matter involves property that is the subject of unlawful detainer proceedings; (2) the bankruptcy proceeding involves a "personal injury" action which involves an "out of state illegal video & audio, etc., of Miles while she was drugged, violated and assaulted"; and (3) the judge assigned to her bankruptcy case, the Honorable Thomas E. Carlson, was a defendant in a lawsuit previously filed in this Court.  (Mot. at 1-2.)

Miles provides little, if any, factual information in support of her motion.  However, a review of the docket in the Bankruptcy Proceeding provides insight into Miles' argument.  See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (internal quotation marks omitted).  Records from the Bankruptcy Proceeding show that Tischau Partners ("Tischau") filed an unlawful detainer action against Miles in November 2009 in San Mateo County Superior Court, based on her alleged failure to pay rent on an apartment leased to her by Tischau.  BR Docket 53 ¶ 7.[2]  On January 27, 2010, Tischau filed a motion for relief from the automatic stay, which Judge Carlson granted on February 10, 2010.  BR Docket 70.

The personal injury action referenced by Miles pertains to a civil lawsuit initiated by Miles in November 2004 in the San Mateo County Superior Court of California against her former employer A.G. Edwards & Sons, Inc. ("A.G. Edwards") and Royce Lee Makishima ("Makashima"), her supervisor at A.G. Edwards.  BR Docket 30 at 1.  The complaint alleged twenty causes of action, ranging from trespass to sexual harassment.  Id. at 2.  Specifically, Miles alleged that defendants gradually drugged her food and liquids at home and at work and sexually assaulted her while she was in a drug-induced state.  BR Docket 31 Ex. A.  The trial court entered judgment for defendants on July 28, 2008.  BR Docket 30 at 2.  Miles' appeal remains pending.  Id.

In the meantime, on September 10, 2008, Miles filed a new complaint in this Court against Makishima, A.G. Edwards, Morgan Lewis (defendants' attorneys) and various

---

[2] "BR Docket" refers to docket entries in the bankruptcy court Case No. 09-30419 TC.

1  government and court staff, including Judge Carlson.  <u>Miles v. Makishima, et. al.</u>, No. 08-
2  04275 JSW (N.D. Cal. filed Sept. 10, 2008).  The complaint alleged many of the same
3  claims as the earlier state court action, as well as additional allegations of collusion
4  between Judge Carlson, A.G. Edwards and Makishima.  Compl. at 1-6, <u>Miles v.</u>
5  <u>Makishima, et. al.</u>, No. 08-04275 JSW (N.D. Cal. filed Sept. 10, 2008).  The Court
6  dismissed the Complaint on July 30, 2009.

## II. DISCUSSION

Federal courts have original jurisdiction over civil proceedings arising in or related to bankruptcy cases.  28 U.S.C. § 1334(a); <u>In re McGhan</u>, 288 F.3d 1172, 1179 (9th Cir. 2002).  The district court may refer such matters to a bankruptcy judge.  28 U.S.C. § 157(a); <u>see also</u> N.D. Cal. B.L.R. 5011-1(a) (referring bankruptcy cases under Title II and civil proceedings arising thereunder to the bankruptcy court).  However, a reference to the bankruptcy court may be subject to a permissive or mandatory withdrawal, depending on the circumstances presented.  <u>See</u> 28 U.S.C. § 157(d).

A court may consider a motion for withdrawal of reference only if it is timely.  <u>Id.</u> "A motion to withdraw is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding."  <u>Sec. Farms v. Int'l Broth. of Teamsters, Chauffers, Warehousemen & Helpers</u>, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) (internal quotation marks omitted).  "Courts have found a motion to withdraw the reference untimely when a significant amount of time has passed since the moving party had notice of the grounds for withdrawing the reference or where withdrawal would have an adverse effect on judicial economy."  <u>Hupp v. Educ. Credit Mgt. Corp.</u>, 2007 WL 2703151 at *3 (Sept. 13, 2007) (denying motion to withdraw as untimely where plaintiff had filed complaint in bankruptcy court fifteen months earlier); <u>Laine v. Gross</u>, 128 B.R. 588, 589 (D. Me. 1991) (holding that motion to withdraw the reference was untimely when filed six months after complaint as no new grounds for withdrawal were present).

In the instant case, Miles commenced her Chapter 7 action on February 20, 2009. Yet, she waited for close to a year before she filed the instant motion to withdraw on

- 3 -

February 11, 2010.  Miles has made no showing, nor is any apparent from the record, that changed circumstances justify her belated motion to withdraw.  The state court lawsuit involving A.G. Edwards was filed in 2004 and concluded on July 28, 2008.  The subsequent federal action brought by Miles against Judge Carlson for allegedly conspiring with A.G. Edwards and other involved in the prior state court lawsuit was filed in September 2008 and resolved in July 2009.  Finally, the unlawful detainer action was filed by Tischau on November 19, 2009.  It is thus evident from the record that Miles was well aware of each of the purported grounds for the withdrawal well before she filed her motion to withdraw.  Likewise, withdrawing the reference at this juncture, after extensive proceedings already have taken place, would likely have an adverse on judicial economy and the administration of justice.

### III.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the Motion to Withdraw the Reference is DENIED.  The Case Management Conference scheduled for September 23, 2010 is VACATED.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: September 17, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge